UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21879-CIV-GOODMAN
**[CONSENT CASE]**

NIURKA SOLER PINEDA,

    Plaintiff,

v.

DAVID BLVD COIN
LAUNDRY, CORP. et al.,

    Defendants.

_____/

## ORDER SPECIALLY SETTING CIVIL JURY TRIAL
## AND PRETRIAL SCHEDULE AND REQUIRING MEDIATION

Trial is scheduled to commence on **Monday, March 27, 2017 at 1:30 PM**[1] before Jonathan Goodman, United States Magistrate Judge, James Lawrence King Justice Building, 99 NE 4th Street, 11th Floor, Miami, Florida. **The Court has reserved 3 days for this trial.**

**IT IS ORDERED AND ADJUDGED** as follows:

l.    The pretrial conference is set for **Monday, March 20, 2017 at 9:30 AM.** Each party shall be represented at the pretrial conference and at the meeting required

---

[1] The 1:30 PM start time is only for the first day of trial; all other trial days will commence at **9:30 AM**.

by Local Rule 16.1(d) by the attorney who will conduct the trial, except for good cause shown. Local Rule 16.1(c).

    2.    Counsel must meet at least 15 days before the pretrial conference date to confer on the preparation of a pretrial stipulation.

    3.    The original and one copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below in the timetable. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, **not to exceed one short paragraph per claim**, to be read as an introduction for voir dire examination. The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

    4.    Proposed jury instructions and verdict form must be submitted at least ONE WEEK prior to the trial date. The parties shall submit a SINGLE JOINT set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question

shall be set forth in Palatino Linotype 14 point typeface. Instructions and questions proposed only by Plaintiff to which Defendants object shall be *italicized*. Instructions and questions proposed only by Defendants to which Plaintiff objects shall be **bold-faced**. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the basis for the objection(s) at the bottom of the sheet, before the citations of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit Court of Appeals, including the Directions to Counsel contained therein. A copy of the proposed jury instructions and verdict form shall be delivered to chambers at the time of filing, together with a flash drive containing the draft saved in Microsoft Word format.

5. All exhibits must be pre-marked. Plaintiff's exhibits shall be marked with the letter **"P"** as a prefix and Defendants' exhibits shall be marked with the letter **"D"** as a prefix. A typewritten exhibit list setting forth the number and description of each exhibit must be submitted at the time of trial. The parties shall submit the exhibit list on Form AO 187, which is available from the Clerk's office.

6. A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least 20 days prior to the date on which the trial is scheduled to commence. Any party moving for a continuance of the trial date

**must include a signed acknowledgement from the client**, confirming the client's awareness of, and agreement to, the requested trial continuance. This acknowledgement may be in fax or email form and may either be on the signature page of the motion or on a separate acknowledgement form, as an attachment to the motion. If the movant is a corporation, then the person signing the acknowledgement must be an authorized representative who is familiar with the litigation. In addition, if the motion is agreed to, unopposed, or a joint motion, then this same written acknowledgement is required for all parties. The Court will be flexible about the format and the precise language used, as long as the acknowledgment unequivocally reflects that the client agrees to the requested trial continuance. If multiple parties are involved, then signed acknowledgements from all parties are required. A continuance of the trial date will be granted only on a showing of compelling circumstances.

7. Non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

8. The following timetable shall govern the pretrial procedures in this case. This schedule shall not be modified absent compelling circumstances. **All motions for an enlargement of time for discovery and relating to dispositive motions must**

**include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable.**

**Days prior to**
**Trial Date**

| | |
|---|---|
| 180 days | Motions to join additional parties, amend pleadings, and certify class must be filed. |
| 170 days | Parties shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial. |
| 160 days | Parties shall furnish opposing counsel with a written report from each expert intended to be called at trial. Within the 21-day period following service of each expert's written report, the parties shall make its experts available for deposition by opposing counsel. The experts' depositions may be conducted without further order from the Court. |
| 160 days | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 130 days | If a party elected to use experts and disclosed them, then the opposing party shall furnish a written list containing the names and addresses of any rebuttal expert witnesses intended to be called at trial. |
| 120 days | A party using any rebuttal expert witnesses shall furnish opposing counsel with a written report from each rebuttal expert intended to be called at trial. Within the 14 day period following service of each expert's report, the party shall make its experts available for deposition by opposing counsel. The experts' depositions may be conducted without further order from the Court. |

| | |
|---|---|
| Note: | These provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other healthcare providers, unless they are also providing expert opinions. |
| | Only those expert witnesses whose identities and reports have been timely disclosed according to the deadlines established in this Order shall be permitted to testify at trial or have affidavits submitted in connection with motion practice. |
| 98 days | All summary judgment, dispositive and *Daubert* motions must be filed. |
| 82 days | All discovery must be completed. Per Local Rule 26.1(f), written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the <u>response is due on or before the discovery cutoff date</u>. Depositions, including any non-party depositions, must be scheduled to occur on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order. |
| | Counsel may, by agreement, conduct discovery after the expiration of the discovery deadline, but should not rely on the Court to resolve any discovery disputes arising after the discovery cutoff date. In addition, counsel should not seek to extend any deadline, including summary judgment-related deadlines, based on post-deadline discovery pursuant to this provision. |
| Note: | In the event that there are any unresolved discovery motions pending 15 days prior to this date, the moving party shall immediately advise the Court of |

| | |
|---|---|
| | all such unresolved motions together with their status. |
| 80 days | All responses to summary judgment and other dispositive motions must be filed.[2] |
| 70 days | All replies to summary judgment and other dispositive motions must be filed. <u>If the moving party does not intend to file a reply, then they shall promptly notify chambers when the response is filed.</u> |
| 21 days | All motions in limine and other pretrial motions must be filed. |
| 21 days | Any party wishing to use a deposition as substantive evidence must so designate by line and page reference those portions in writing and the designations must be served on opposing counsel. |
| 14 days | All responses in opposition to motions in limine must be filed. No replies will be permitted absent specific court order. |
| 14 days | The adverse party on whom depositions have been served to use as substantive evidence must file any objections to the designations, including "any other part which ought in fairness to be considered with the part introduced." Fed. R. Civ. P. 32(a)(4). |
| 14 days | Joint Pretrial Stipulation must be filed. Failure to file a Joint Pretrial Stipulation on or before this day shall be grounds for dismissal. |

---

[2] The response and reply deadlines for summary judgment motions in the timetable assume that a party files a motion for summary judgment on the dispositive motion deadline. However, the parties are encouraged to file dispositive motions earlier and, in the event that a party files a motion for summary judgment or other dispositive motion before the timetable deadline and the Local Rules provide for earlier response and reply dates, then the earlier deadlines shall apply.

| | |
|---|---|
| 7 days | Proposed jury instructions and verdict form must be filed. Failure to timely file jury instructions and verdict forms as directed above shall be grounds for sanctions, including dismissal. |

9.     If the case is settled, counsel are directed to inform the Court promptly at (305) 523-5720 and to submit a stipulation for dismissal signed by all parties together with an appropriate Order of Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1). Such stipulation and order must be filed within 15 days of notification of settlement to the Court.

10.     The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial. Stipulations that would so interfere may be made only with the Court's approval. *See* Fed. R. Civ. P. 29. **This Order does not alter the parties' obligations to meet and make initial disclosures under Fed. R. Civ. P. 26. The parties need not, however, file any proposed scheduling orders under Fed. R. Civ. P. 16.**

11.     **Mediation Requirement**. At least 90 days prior to trial, the parties shall select a mediator certified under Local Rule 16.2(b), shall schedule a time, date, and place for mediation, and shall jointly file a proposed order scheduling mediation. If the parties cannot agree on a mediator, then they shall notify the clerk in writing as soon as possible and the clerk shall designate a certified mediator on a blind rotation basis.

Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties shall complete mediation at least 45 days prior to trial.

      a.    All discussions made at the mediation conference shall be confidential and privileged.

      b.    The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Local Rule 16.2(b)(7), or as agreed to in writing by the parties and the mediator. The parties shall equally share the cost of mediation unless otherwise ordered by the Court. All payments shall be remitted to the mediator within 30 days of the date of the bill. The parties shall notify the mediator of cancellation two full business days in advance. Failure to do so will result in the imposition of a one hour fee.

      c.    **Within five days** following mediation, the mediator shall file a Mediation Report indicating whether the parties were present and/or recommending sanctions for non-attendance. The Report shall also state whether the case settled (in full or in part), whether mediation was continued with the parties' consent, or whether the mediator declared an impasse.

      d.    If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

12.    The parties shall follow the attached discovery procedures.

13. A Notice of Scheduling Conflict shall include a statement detailing the dates and the cases that were scheduled for trial. Under existing policies and agreements between the state and federal courts of Florida, the judge who enters the first written order scheduling a case for trial on a date set has priority over the service of the attorney for the date set. *See Krasnow v. Navarro*, 909 F.2d 451 (11th Cir. 1990).

It shall be the duty of the attorneys herein to ensure that no other judge schedules them for a trial that impacts upon or conflicts with the date set forth above. If any counsel receives written notice of a trial from another judge, in either state or federal court, that in any way conflicts with this trial schedule, then it is the obligation of that attorney to notify that judge immediately so that the judge may reschedule his or her calendar, thus leaving counsel conflict free for this case.

14. In addition to the Local Rules, any submission by any party must be <u>double-spaced</u>, and for every 5 pages provided for in the Local Rules the parties shall have an additional page (e.g., a 10-page motion may be 12 pages, a 20-page motion may be 24 pages).

**DONE and ORDERED** in Chambers, in Miami, Florida, July 28, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
All Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### MAGISTRATE JUDGE GOODMAN'S DISCOVERY PROCEDURES ORDER

The following discovery procedures apply to all civil cases in which discovery is referred to United States Magistrate Judge Jonathan Goodman and where Judge Goodman is presiding over a case with full consent.

### OVERALL STATEMENT

The Court designed these procedures to help the Parties and the Court work **together** to timely resolve discovery disputes without undue delay and unnecessary expense. The procedures are designed to (1) promote the timely internal resolution of discovery disputes by the parties themselves so that they have no need to seek judicial intervention, (2) help the parties obtain timely rulings to the extent they cannot on their own resolve their discovery disputes, (3) streamline the process of resolving discovery disputes by eliminating unnecessary motion practice, and (4) assist the Court by prohibiting the submission of motions and memoranda which are unnecessary, overly long or both.

### MEET AND CONFER

Counsel **must** actually confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** filing discovery motions. In other words, there must be **an actual conversation** before a discovery motion is filed. If counsel refuses to participate in a conversation, then the movant shall so state in the required certificate of conference and outline the efforts made to have a conversation.

The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought, is being withheld in bad faith or if a party fails to confer in good faith. Sending an email or telefax to opposing counsel with a demand that a discovery response or position be provided on the same day will rarely, if ever, be deemed a good faith effort to confer before filing a discovery motion.

### DISCOVERY CALENDAR AND NO DISCOVERY MOTIONS

**No written discovery motions**, including motions to compel, for protective order, or related motions for sanctions shall be filed unless specifically authorized by the Court. Similarly, the parties may not submit legal memoranda concerning a discovery hearing unless the Undersigned specifically authorizes it. This procedure is intended to minimize the need for discovery motions. The Court will strike any unauthorized discovery motions and memoranda.

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, then the Court holds a regular discovery calendar every Friday afternoon. The moving party shall contact Chambers at (305) 523-5720 and place the matter on the next available discovery calendar.  The movant shall contact Chambers no later than 5 business days preceding the discovery calendar, and shall do so after conferring with opposing counsel and confirming his or her availability for the discovery calendar.

On the same day that the matter is placed on the discovery calendar, the movant shall provide notice to all relevant parties by filing a Notice of Hearing and serving a copy on opposing counsel through the Court's electronic docketing system.  The Notice of Hearing shall **briefly** and **succinctly** identify the substance of the discovery matter to be heard. (For example, "The Parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 4-7, and 10" or "The Parties disagree about whether Defendant produced an adequate 30(b)(6) witness on the topics listed in the notice.") Ordinarily, no more than twenty (20) minutes per side will be permitted. **The movant shall include in this Notice of Hearing a certificate of good faith that complies with S.D. Fla. L. R. 7.1(a)(3).**  The Court will strike hearing notices which do not include a sufficient local rule certificate.

The movant shall provide the Court a copy of all *source* materials relevant to the discovery dispute, via hand-delivery or through a document that is emailed to the CM/ECF mailbox (goodman@flsd.uscourts.gov) on the date that the Notice of Hearing is filed.  (For example, if the dispute concerns interrogatories, the interrogatories at issue and the responses thereto, shall be provided.) Source material is the actual discovery at issue.  Source material is **not** memoranda or letters to the Court which are, for all intents and purposes, a mini-brief.

Neither the Notice of Hearing nor the source materials should be used as a *de facto* strategy to submit a memorandum. For example, sending multi-page, rhetoric-filled letters to the Court or filing argument-riddled notices are **specifically prohibited**.

The Court will strike letters, notices, and exhibits which are designed to circumvent the no motion/no memoranda policy.

If one or more of the parties believe in good faith that the discovery dispute is not a routine, garden-variety dispute and needs specialized attention, then the parties may include a to-the-point, no-more-than-one-paragraph explanation in the Notice of Hearing, to flag the specific issues. In addition, the parties may submit a "notice of authorities," which will list only the authorities, but which will <u>not</u> contain argument or be a disguised memorandum. At most, the list of authorities may contain a one-sentence, objective summary of the relevant holding of each case or authority. The Court will strike any non-compliant notice of authorities.

For those discovery disputes which are particularly complex (and there are not many of those) and which a party believes will require briefing, a motion for leave to file a discovery motion or memoranda may be filed. The motion should briefly explain the extraordinary need, but the actual discovery motion or memorandum should not be attached or filed unless the Court grants the motion seeking leave. The Court anticipates that the need for motions and/or memoranda will arise only **rarely.**

The following topics are illustrations of discovery disputes which are usually **not** rare enough to bypass the standard no-motion policy and therefore would not ordinarily justify a motion for leave to file a discovery motion in a specific case absent extraordinary circumstances: (1) whether a party may take more than 10 depositions in the absence of consent; (2) whether a deposition may last more than 7 hours; (3) how a seven-hour deposition is allocated among the parties; (4) whether a 30(b)(6) witness was prepared to provide binding testimony on all the topics listed in the notice; (5) whether a noticed deposition is an "apex" deposition, and, if so, whether it will be permitted; (6) whether a party needs to arrange for a treating doctor to provide an expert witness report or if the party needs to make other written disclosures if the physician is expected to testify about the cause of an injury; (7) squabbles over the location of a deposition; (8) whether an attorney improperly instructed a deponent to not answer certain questions; (9) whether an attorney was improperly coaching a deponent; (10) whether a party or attorney may pay any money to a deponent or trial witness other than a standard witness fee, and, if so, under what circumstances and in what amounts; (11) whether a party may take "early" discovery; (12) whether a party exceeded the number of permissible interrogatories (and how should the sub-parts be counted); (13) whether a party may use at trial an expert witness when a timely expert report has not been served; (14) whether an interrogatory answer is adequate or whether better answers are required; and (15) whether a party engaged in a strategically unfair "document dump" which makes it difficult for a party to know which documents are

responsive to a request. These are all *routine* discovery disputes which require only the submission of the Notice of Hearing, source material and, at <u>most</u>, an argument-free list of authorities.

The Court expects all parties to engage in reasonable compromise to facilitate the resolution of their discovery disputes. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith.

These procedures do not relieve parties from the requirements of any Federal Rule of Civil Procedure or Local Rule, except as noted above.

<u>PRE-HEARING DISCUSSIONS</u>

**The mere fact that the Court has scheduled a discovery hearing/conference does not mean that the parties should no longer try to resolve the dispute.** To the contrary, the parties are encouraged to continually pursue settlement of disputed discovery matters. If those efforts are successful, then counsel should **contact Chambers** as soon as practicable so that the hearing can be timely canceled. Alternatively, if the parties resolve some, but not all, of their issues before the hearing, then counsel shall also timely **contact Chambers** and provide notice about those issues which are no longer in dispute (so that the Court and its staff do not unnecessarily work on matters no longer in dispute).

<u>EXPENSES, INCLUDING ATTORNEY'S FEES</u>

The Court reminds the parties and counsel that Fed. R. Civ. P. 37(a)(5) requires the Court to award expenses, including fees, unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling.

<u>NO BOILERPLATE DISCOVERY OBJECTIONS</u>

### "Vague, Overly Broad and Unduly Burdensome"

Parties shall not make conclusory boilerplate objections. Such objections do not comply with Local Rule 26.1(g)(3)(A), which provides that, "[w]here an objection is made to any interrogatory or sub-part thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all

grounds." Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and the Court will disregard such objections. A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."). Testimony or evidence may be necessary to show that a particular request is in fact burdensome.

### "Irrelevant or Not Reasonably Calculated to Lead to Admissible Evidence"

As with the previous objection, an objection that a discovery request is irrelevant or not reasonably calculated to lead to admissible evidence must include a specific explanation describing **why** the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence. The Court reminds the parties that the Federal Rules allow for broad discovery, which does not need to be admissible at trial. *See* Fed. R. Civ. P. 26(b)(1); Local Rule 26.1(g)(3)(A); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

### No Formulaic Objections

Parties should avoid reciting a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such a boilerplate objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the Court. Further, such practice leaves the requesting party uncertain as to whether the responding party fully answered. *See also* Local Rule 26.1(g)(3)(A). Counsel should specifically state <u>whether</u> the responding party is fully answering or responding to a request and, <u>if not, specifically identify the categories of information that have been **withheld** on an objection-by-objection basis</u>.

### Objections Based upon Privilege

Generalized objections asserting attorney-client privilege or the work product doctrine also do not comply with the Local Rules. Local Rule 26.1(g)(3)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identify details such as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other. Parties must review this Local Rule carefully, and refrain

15

from objections in the form of: "Objection. This information is protected by attorney/client and/or work product privilege."

**DONE AND ORDERED** in Chambers, in Miami, Florida, July 28, 2016.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE