UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-21879-CIV-GOODMAN

NIURKA SOLER PINEDA and all others
similarly situated under 29 U.S.C. 216(b),

 Plaintiff,

v.

DAVIE BLVD COIN LAUDRY, CORP.,
OSIAL CASTELLON, and, DAVID
COIN LAUNDRY, INC.,

 Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF
DAVIE BLVD COIN LAUNDRY, CORP. AND OSIAL CASTELLON
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, DAVIE BLVD COIN LAUDRY, CORP. ("DAVIE") and OSIAL CASTELLON ("CASTELLON") (collectively, the "Defendants"), by and through the undersigned counsel, and hereby file this Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint, and state the following:

 1. Admit that the Plaintiff is attempting to allege a claim under the Fair Labor Standards Act; otherwise, deny.

 2. Unknown and therefore, deny.

 3. Admit that DAVIE is a corporation and transacts business in Miami-Dade County; otherwise, deny.

 4. Unknown and therefore, deny.

 5. Deny as it is unclear what is meant by the "Defendant Corporation." There are two Defendant corporations in this case and CASTELLON is only involved with one of them.

6. Deny.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This paragraph contains several legal conclusions to which a response is not required; otherwise deny.

8. Deny as this Court does not have jurisdiction over this matter as the responding Defendants do not fall within the ambit of The Fair Labor Standards Act.

9. It is assumed that the Plaintiff has adequately quoted a passage from The Fair Labor Standards Act which otherwise obviously speaks for itself.

10. It is admitted that the Plaintiff performed services for DAVIE; otherwise denied.

11. Deny.

12. Deny.

13. Deny (counsel for the Plaintiff has been provided relevant tax returns confirming same).

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Deny

## COUNT II. FEDERAL MINIMUM WAGE

The Defendants reaffirm and reallege the answer contained in Paragraphs 1 through 6 as if fully set forth herein.

19. It is assumed that the Plaintiff has adequately quoted a passage from The Fair Labor Standards Act which otherwise obviously speaks for itself.

20. Deny.

21. Deny.

22. Deny.

## COUNT III. FLORIDA MINIMUM WAGE

23. It is assumed that the Plaintiff has adequately quoted a passage from Florida Statute § 448.110, which otherwise obviously speaks for itself.

24. It is assumed that the Plaintiff has adequately quoted a passage from Florida Statute § 448.110, which otherwise obviously speaks for itself.

25. Unknown and therefore, deny.

26. It is assumed that Plaintiff has adequately quoted a passage from Florida Statute § 448.110; otherwise, denied.

27. It is assumed that Plaintiff has adequately quoted a passage from Florida Statutes.

28. Deny.

29. Deny.

30. Deny.

## AFFIRMATIVE DEFENSES

1. For their first Affirmative Defense, the Defendants affirmatively state that the Plaintiff has failed to state a claim upon which relief can be granted to the extent that the First Amended Complaint is boilerplate, the allegations are conclusory, and there is a complete lack of sufficient detail.  *See* Aschcroft v. Iqbal, 556 U.S. 662 (2009).

2. For their second Affirmative Defense, the Defendants affirmatively state that the Plaintiff's claims are barred, in whole or in part, to the extent that monies paid to the Plaintiff

constitute a satisfaction or set-off of straight time and/or overtime allegedly owed to the Plaintiff. The Plaintiff was properly compensated for all hours, including minimum wage and overtime.

   3. For their third Affirmative Defense, the Defendants affirmatively state that this Court lacks subject matter jurisdiction as the Defendants' were not engaged in interstate commerce and did not gross $500,000.00 ever, and particularly not in the years referenced.

   4. For their fourth Affirmative Defense, the Defendants affirmatively state that the Plaintiff's claims are barred, in whole or in part, by the provisions of 29 U.S.C. §259 to that extent that all actions taken in connection with the Plaintiff's compensation were done in good faith and in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

   5. For their fifth Affirmative Defense, the Defendants affirmatively state that the Plaintiff's claims are barred, in whole or in part, to the extent that the Defendants did not know, and should not have reasonably known, the overtime was being worked by the Plaintiff to the extent any overtime was worked.

   6. For their sixth Affirmative Defense, the Defendants affirmatively state that the Plaintiffs claims for Minimum Wage Violations are barred, in whole or in part, to the extent that the Plaintiff was a tipped employee under the Fair Labor Standards Act.

   7. For their seventh Affirmative Defense, the Defendants affirmatively state the statute of limitations for this action should only be two years as the Defendants did not willfully violate any rules or laws.

8. The Defendants reserve the right to raise additional affirmative defenses in the future.

Dated: September 23, 2016.

Respectfully submitted,

By: */s/ James P. Gitkin, Esq.*
James P. Gitkin, Esq.
Fla. Bar No.: 570001
*jim@salpetergitkin.com*
*beth@salpetergitkin.com*

**SALPETER GITKIN, LLP**
One E. Broward Blvd. – Suite 1500
Fort Lauderdale, FL 33486
Telephone: (954) 467-8622
Facsimile: (954) 691-9862
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by CM/ECF on September 23, 2016 on all counsel or parties of record. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

By:   */s/ James P. Gitkin, Esq.*
James P. Gitkin, Esq.

## SERVICE LIST:

**J.H. ZIDELL, ESQUIRE**
J.H. ZIDELL, P.A.
Attorney for Plaintiff
300 71st Street, Ste. 605
Miami Beach, FL 33141
Tel:     (305) 865-6766