UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-21879-CIV-GOODMAN

NIURKA SOLER PINEDA and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,
v.

DAVIE BLVD COIN LAUDRY, CORP.,
OSIAL CASTELLON, and, DAVID
COIN LAUNDRY, INC.,

    Defendants.
_____ /

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, DAVIE BLVD COIN LAUDRY, CORP., and OSIAL CASTELLON (collectively, the "Defendants"), by and through their undersigned counsel, and pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and Local Rule 56.1 of the Local Rules of the United States District Court of the Southern District of Florida, hereby file this Motion for Summary Judgment, and in support thereof, state as follows:

### Preliminary Statement

There are no facts in this case that would entitle Plaintiff to any recovery from Defendants under the Fair Labor Standards Act (hereinafter "FLSA"). Pursuant to 29 U.S.C. § 207(a)(1), Plaintiff must prove that either she was an employee who engaged in commerce or production of goods for commerce or that she was employed in an enterprise engaged in commerce or in the production of goods for commerce. Pursuant to 29 U.S.C. 203(s)(1), an enterprise engaged in commerce or production of goods for commerce is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00.

In this matter, Defendants did not generate a sufficient annual gross volume of sales or business. In other words, Defendants generated less than $500,000.00 annually, thereby precluding Defendants from enterprise liability under the FLSA. Further, based upon the undisputed and localized nature of Plaintiff's work, Plaintiff cannot show that she was individually engaged in interstate commerce, nor can she show that she was engaged in the production of goods for commerce.

## Undisputed Statement of Material Fact

1.      DAVIE BLVD COIN LAUDRY, CORP. is a corporation and transacts business in Miami-Dade County, Florida. ECF #34 ¶ 3; *see also* a true and correct copy of Defendant OSIAL CASTELLON's Affidavit attached hereto and incorporated herein as Exhibit A, at ¶ 2.

2.      DAVIE BLVD COIN LAUDRY, CORP.'s annual gross volume of sales made or business done is less than $500,000.00 (and OSIAL CASTELLON has never made in excess of $500,000.00 in any given year). *See* ECF #35 ¶ 2; Exhibit A ¶ 3.

3.      DAVIE BLVD COIN LAUDRY, CORP. is not engaged in the operation of a hospital, an institution primarily engaged in the care of the sick the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education. *See ECF* #35 ¶ 2; Exhibit A ¶ 4.

4.      DAVIE BLVD COIN LAUDRY, CORP. is not an activity of a public agency. *See ECF* #35 ¶ 2; Exhibit A ¶ 5.

5.      DAVIE BLVD COIN LAUDRY, CORP. provides local coin laundry services exclusively to the Miami-Dade County, Florida community. *See* Exhibit A ¶ 6.

6. Plaintiff's employment by Defendants involved neither the use of instrumentalities of interstate commerce nor activities that were directly essential to the production of goods in commerce. *See* Exhibit A ¶ 7.

7. Plaintiff's typical employment obligations consisted of various manual labor activities. *See* Exhibit A ¶ 8.

## Memorandum of Law

### I. Standard of Review

As this Court knows, when ruling on a motion for summary judgment "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c).

Summary judgment may only be entered where there is no genuine issue of material fact. *See Twiss v. Kurry*, 25 F.3d 1551 (11th Cir. 1994). Further, the moving party has the burden of meeting this standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* However, the non-moving party may not rest upon the mere allegations and denials of its pleading, but its response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a general issue for trial. The mere existence of a scintilla of evidence in support of the non-movant's position will be insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In this matter, the Plaintiff, as the non-moving party, cannot make such a showing.

## II. There is no enterprise liability under the FLSA

According to 29 U.S.C. § 203(s)(1), there is a two part test to determine whether an employer is considered a covered enterprise by the FLSA. The FLSA defines an "enterprise engaged in commerce or in the production of goods in commerce," in pertinent part, as one that:

(i) Has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) Is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . .

29 U.S.C. § 203(s)(1).

### a. Plaintiff was not an employee "engaged in commerce or production of goods for commerce"

For an employee to be "engaged in commerce" under the FLSA, she must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, such as transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in her work, specifically, regular and recurrent use of interstate telephone, telegraph, mail or travel. *See* 29 C.F.R. 776.23(d)(2) (2005); 29 C.F.R. 776.24 (2005).

In *Mitchell v. C.W. Vollmer & Co.*, the court noted that whether an employee is engaged in commerce is determined by practical considerations and not by technical conceptions. 349 U.S. 427, (1955); *see also Walling v. Jacksonville Paper Co.*, 317 U.S. 564 (1943) (holding that the FLSA does not extend to businesses that merely affect commerce, but whether a substantial part of the employee's activities relate to goods moving in channels of interstate commerce). The

test under the FLSA is whether an employee is actually in, or so closely related to, the movement of commerce as to be a part of it, not whether the employee's activities affect or indirectly relate to interstate commerce.

In this matter it is undisputed that Plaintiff did not work for an instrumentality of interstate commerce. Moreover, her activity was purely local, as she worked at a coin laundromat in Miami-Dade County, Florida. Additionally, she was not required to use an instrumentality of interstate commerce to perform her work. In short, Plaintiff had nothing to do with any matter involving work, outside of the State of Florida. When focusing on the practical application, and giving no weight to any technical conceptions, Plaintiff was not an employee who was "engaged in commerce or production of goods for commerce."

Further, Plaintiff's work in the coin laundromat was not directly essential to the production of goods in commerce. Defendant DAVIE BLVD COIN LAUDRY, CORP. is a local coin laundromat located within Miami-Dade County, Florida that has no impact on interstate commerce. Based on the localized nature of Plaintiff's work, in conjunction with the applicable tests and foregoing analysis, Plaintiff is not an employee that is individually covered under the FLSA. *See* 29 C.F.R. § 776.19(b)(5).

### b. Defendants are not an enterprise generating annual revenues in excess of $500,000.00

With respect to the second requirement of 29 U.S.C. 203(s)(1), Defendants have produced income records which clearly establish that DAVIE BLVD COIN LAUDRY, CORP. has generated gross annual revenues considerably less than the requisite amount for "enterprise coverage." The Defendants do not meet the minimum dollar limitation threshold of $500,000.00 in annual gross volume of sales made, or business performed (See Exhibit "A" and redacted tax

returns, attached as Exhibit "B").  Therefore, the Defendants do not constitute an "enterprise engaged in commerce or in the production of goods for commerce," as defined in the FLSA. Based upon this analysis, Plaintiff—as Defendants' employee—does not qualify for protection under this prong of the FLSA.

Moreover, Defendants are not engaged in the operation of any activity that would exempt them from the dollar value test, such as being engaged in the operations of a hospital, institution primarily engaged in the care of the sick, a school for mentally or physically handicapped or gifted children, an institution of higher education, an activity of a public agency, or any other enumerated activity that could bring Defendants under the classification of an "enterprise engaged in commerce or in the production of goods for commerce" pursuant to 29 U.S.C. § 203(s)(1). Accordingly, Plaintiff does not qualify for protection under this prong of the FLSA.

### Conclusion

Plaintiff's alleged claim is not supportable under existing law.  Plaintiff, under no set of facts, can possibly show either enterprise liability coverage, or individual coverage, under the FLSA. Accordingly, as no set of facts exist to support a viable claim for relief under the FLSA, Defendants' Motion for Summary Judgment should be granted.

Respectfully submitted this 14th day of November, 2016.

By: */s/ James P. Gitkin, Esq.*
JAMES P. GITKIN, ESQUIRE
Fla. Bar No.: 570001
*jim@salpetergitkin.com*
SALPETER GITKIN, LLP
One E. Broward Blvd. – Suite 1500
Fort Lauderdale, FL 33301
Telephone:  (954) 467-8622
Facsimile:  (954) 691-9862
***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been filed and served by CM/ECF on November 14, 2016 on all counsel or parties of record. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

      By:    */s/ James P. Gitkin, Esq.*
                James P. Gitkin, Esq.