UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21879-CIV-GOODMAN
[CONSENT CASE]

NIURKA SOLER PINEDA,

    Plaintiff,

v.

DAVID BLVD COIN
LAUNDRY, CORP. et al.,

    Defendants.
_____/

## ORDER SPECIALLY RESETTING CIVIL JURY TRIAL
## AND PRETRIAL SCHEDULE AND REQUIRING MEDIATION

Trial is scheduled to commence on **Monday, September 18, 2017 at 9:30 AM** before Jonathan Goodman, United States Magistrate Judge, James Lawrence King Justice Building, 99 NE 4th Street, 11th Floor, Miami, Florida. **The Court has reserved 3 days for this trial.**

**IT IS ORDERED AND ADJUDGED** as follows:

    l.    The pretrial conference is set for **Monday, September 11, 2017 at 9:30 AM.** Each party shall be represented at the pretrial conference and at the meeting required by Local Rule 16.1(d) by the attorney who will conduct the trial, except for good cause shown. Local Rule 16.1(c).

2.     Counsel must meet at least 15 days before the pretrial conference date to confer on the preparation of a pretrial stipulation.

3.     The original and one copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below in the timetable. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, **not to exceed one short paragraph per claim**, to be read as an introduction for voir dire examination. The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

4.     Proposed jury instructions and verdict form must be submitted at least ONE WEEK prior to the trial date. The parties shall submit a SINGLE JOINT set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Palatino Linotype 14 point typeface. Instructions and questions proposed only by Plaintiff to which Defendants object shall be *italicized*. Instructions

and questions proposed only by Defendants to which Plaintiff objects shall be **bold-faced**. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the basis for the objection(s) at the bottom of the sheet, before the citations of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit Court of Appeals, including the Directions to Counsel contained therein. A copy of the proposed jury instructions and verdict form shall be delivered to chambers at the time of filing, together with a flash drive containing the draft saved in Microsoft Word format.

    5. All exhibits must be pre-marked. Plaintiff's exhibits shall be marked with the letter **"P"** as a prefix and Defendants' exhibits shall be marked with the letter **"D"** as a prefix. A typewritten exhibit list setting forth the number and description of each exhibit must be submitted at the time of trial. The parties shall submit the exhibit list on Form AO 187, which is available from the Clerk's office.

    6. A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least 20 days prior to the date on which the trial is scheduled to commence. Any party moving for a continuance of the trial date **must include a signed acknowledgement from the client**, confirming the client's awareness of, and agreement to, the requested trial continuance. This acknowledgement

may be in fax or email form and may either be on the signature page of the motion or on a separate acknowledgement form, as an attachment to the motion. If the movant is a corporation, then the person signing the acknowledgement must be an authorized representative who is familiar with the litigation. In addition, if the motion is agreed to, unopposed, or a joint motion, then this same written acknowledgement is required for all parties. The Court will be flexible about the format and the precise language used, as long as the acknowledgment unequivocally reflects that the client agrees to the requested trial continuance. If multiple parties are involved, then signed acknowledgements from all parties are required. A continuance of the trial date will be granted only on a showing of compelling circumstances.

7. Non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

8. The following timetable shall govern the pretrial procedures in this case. This schedule shall not be modified absent compelling circumstances. **All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable.**

**Days prior to**
<u>**Trial Date**</u>

| | |
|---|---|
| 182 days | Parties shall furnish opposing counsel with a written list containing the names and addresses of all <u>expert</u> witnesses intended to be called at trial. |
| 172 days | Parties shall furnish opposing counsel with a written report from each expert intended to be called at trial. Within the 21-day period following service of each expert's written report, the parties shall make its experts available for deposition by opposing counsel. The experts' depositions may be conducted without further order from the Court. |
| 172 days | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 142 days | If a party elected to use experts and disclosed them, then the opposing party shall furnish a written list containing the names and addresses of any rebuttal expert witnesses intended to be called at trial. |
| 132 days | A party using any rebuttal expert witnesses shall furnish opposing counsel with a written report from each rebuttal expert intended to be called at trial. Within the 14 day period following service of each expert's report, the party shall make its experts available for deposition by opposing counsel. The experts' depositions may be conducted without further order from the Court. |
| <u>Note:</u> | These provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other healthcare providers, unless they are also providing expert opinions. |

|  |  |
|---|---|
|  | Only those expert witnesses whose identities and reports have been timely disclosed according to the deadlines established in this Order shall be permitted to testify at trial or have affidavits submitted in connection with motion practice. |
| 126 days | All summary judgment, dispositive and *Daubert* motions must be filed. |
| 112 days | All discovery must be completed. Per Local Rule 26.1(f), written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the <u>response is due on or before the discovery cutoff date</u>. Depositions, including any non-party depositions, must be scheduled to occur on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order.<br><br>Counsel may, by agreement, conduct discovery after the expiration of the discovery deadline, but should not rely on the Court to resolve any discovery disputes arising after the discovery cutoff date. In addition, counsel should not seek to extend any deadline, including summary judgment-related deadlines, based on post-deadline discovery pursuant to this provision. |
| <u>Note:</u> | In the event that there are any unresolved discovery motions pending 15 days prior to this date, the moving party shall immediately advise the Court of all such unresolved motions together with their status. |

| | |
|---|---|
| 110 days | All responses to summary judgment, dispositive, and *Daubert* motions must be filed.[1] |
| 100 days | All replies to summary judgment, dispositive, and *Daubert* motions must be filed. <u>If the moving party does not intend to file a reply, then they shall promptly notify chambers when the response is filed.</u> |
| 21 days | All motions in limine and other pretrial motions must be filed. |
| 21 days | Any party wishing to use a deposition as substantive evidence must so designate by line and page reference those portions in writing and the designations must be served on opposing counsel. |
| 14 days | All responses in opposition to motions in limine must be filed. No replies will be permitted absent specific court order. |
| 14 days | The adverse party on whom depositions have been served to use as substantive evidence must file any objections to the designations, including "any other part which ought in fairness to be considered with the part introduced." Fed. R. Civ. P. 32(a)(4). |
| 14 days | Joint Pretrial Stipulation must be filed. Failure to file a Joint Pretrial Stipulation on or before this day shall be grounds for dismissal. |
| 7 days | Proposed jury instructions and verdict form must be filed. Failure to timely file jury instructions and |

---

[1] The response and reply deadlines for summary judgment, dispositive, and *Daubert* motions in the timetable assume that a party files those motions on the deadline. However, the parties are encouraged to file these motions earlier and, in the event that a party files one of these motions before the timetable deadline and the Local Rules provide for earlier response and reply dates, then the earlier deadlines shall apply.

verdict forms as directed above shall be grounds for sanctions, including dismissal.

9. If the case is settled, counsel are directed to inform the Court promptly at (305) 523-5720 and to submit a stipulation for dismissal signed by all parties together with an appropriate Order of Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1). Such stipulation and order must be filed within 15 days of notification of settlement to the Court.

10. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial. Stipulations that would so interfere may be made only with the Court's approval. *See* Fed. R. Civ. P. 29. **This Order does not alter the parties' obligations to meet and make initial disclosures under Fed. R. Civ. P. 26. The parties need not, however, file any proposed scheduling orders under Fed. R. Civ. P. 16.**

11. **Mediation Requirement**. At least 90 days prior to trial, the parties shall select a mediator certified under Local Rule 16.2(b), shall schedule a time, date, and place for mediation, and shall jointly file a proposed order scheduling mediation. If the parties cannot agree on a mediator, then they shall notify the clerk in writing as soon as possible and the clerk shall designate a certified mediator on a blind rotation basis.

Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties shall complete mediation at least 45 days prior to trial.

      a.    All discussions made at the mediation conference shall be confidential and privileged.

      b.    The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Local Rule 16.2(b)(7), or as agreed to in writing by the parties and the mediator. The parties shall equally share the cost of mediation unless otherwise ordered by the Court. All payments shall be remitted to the mediator within 30 days of the date of the bill. The parties shall notify the mediator of cancellation two full business days in advance. Failure to do so will result in the imposition of a one hour fee.

      c.    **Within five days** following mediation, the mediator shall file a Mediation Report indicating whether the parties were present and/or recommending sanctions for non-attendance. The Report shall also state whether the case settled (in full or in part), whether mediation was continued with the parties' consent, or whether the mediator declared an impasse.

      d.    If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

12.    The parties shall follow the attached discovery procedures.

13. A Notice of Scheduling Conflict shall include a statement detailing the dates and the cases that were scheduled for trial. Under existing policies and agreements between the state and federal courts of Florida, the judge who enters the first written order scheduling a case for trial on a date set has priority over the service of the attorney for the date set. *See Krasnow v. Navarro*, 909 F.2d 451 (11th Cir. 1990).

It shall be the duty of the attorneys herein to ensure that no other judge schedules them for a trial that impacts upon or conflicts with the date set forth above. If any counsel receives written notice of a trial from another judge, in either state or federal court, that in any way conflicts with this trial schedule, then it is the obligation of that attorney to notify that judge immediately so that the judge may reschedule his or her calendar, thus leaving counsel conflict free for this case.

14. In addition to the Local Rules, any submission by any party must be <u>double-spaced</u>, and for every 5 pages provided for in the Local Rules the parties shall have an additional page (e.g., a 10-page motion may be 12 pages, a 20-page motion may be 24 pages).

**DONE and ORDERED** in Chambers, in Miami, Florida, on February 22, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
All Counsel of Record