## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

1. This Agreement covers all understandings between NIURKA SOLER PINEDA: (hereinafter referred to as "Plaintiff," a term) which includes Plaintiff's successors, assigns, beneficiaries, personal representatives, and heirs) and DAVIE BLVD COIN LAUNDRY, CORP., OSIAL CASTELLON and DAVID COIN LAUNDRY INC.[1] (hereinafter referred to as "Defendants," a term which includes each and every officer, director, employee, and agent, servants, legal representatives, and insurers), which relate to the subject matter of the lawsuit NIURKA SOLER PINEDA v. DAVIE BLVD COIN LAUNDRY, CORP., et al., Case No.: 16-CV-23154-MGC ("the lawsuit"), pending in the United States District Court for the Southern District of Florida.

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A. To settle all claims and actions between Plaintiff and Defendants which are the subject matter of the lawsuit or could have been raised in the lawsuit and release and forever discharge Defendants from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity whether known or unknown to the parties.

    B. To agree to facilitate the dismissal of the law suit with prejudice.

    C. To agree and acknowledge that this settlement does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff rights or of any duty owed by Defendants to Plaintiff.

3. For and in consideration of the promises outlined in Paragraph 2 of this Agreement, Defendants agree as follows:

    A. In consideration for Plaintiff's claims in the lawsuit, including unpaid overtime, liquidated damages, physical injury, and attorney's fees and costs, Defendants agree to pay consideration in the amount of $10,000.00. The amount of Plaintiff's attorney's fees and costs are $6,000 ($1,400 of which represent costs).

    B. Defendants shall deliver $10,000.00 in cash (and/or coins if the dollar amount of said coins is easily identifiable) by 12:00 PM on Monday, March 13, 2017.

---

[1] The individual Defendant, OSIAL CASTELLON, asserts that he has no relationship to DAVID COIN LAUNDRY INC. and thus cannot sign on behalf of this entity. The parties are nonetheless in agreement that this entity will be released by Plaintiff if all other terms and conditions are adhered to by the other Defendants.

1



    C.    If Defendants fail to deliver the funds set forth in Section 3B above, , Plaintiff shall provide Defendants' counsel via email (jim@salpetergitkin.com) with written notice of default. Defendants shall be given five business days from the notice to cure the default or a $25,000.00 default judgment will be entered against Defendants, who will also be liable for all costs and fees associated with collection of said default.

    D.    The parties agree and acknowledge that this Agreement must be filed for review and approval by the Court in accordance with <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982).

4. <u>No Lawsuits or Claims</u>.

Plaintiff represents and agrees that she will not hereafter pursue, initiate, or cause to be instituted against Defendants or any party released herein, any dispute that is released herein. Plaintiff further represents that he does not currently have pending before any court or before any federal, state or local agency any dispute of any kind against Defendants, other than the lawsuit. If it is determined that Plaintiff has any other lawsuit, charge of discrimination, or other claim pending against Defendants, Plaintiff agrees to dismiss any such claims, with prejudice, immediately upon determining that such charge or claim is pending.

5. <u>Mutual full Waiver and Release of All Claims</u>.

In exchange for the consideration described in this Agreement, Plaintiff and Defendants irrevocably, knowingly, and voluntarily releases, waives, and forever discharges any and all claims, demands, actions, or causes of action, of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which they have or may have against each other from the beginning of the world until the execution of this Agreement. The disputes released by Plaintiff include, but are not limited to, any and all disputes against Defendants concerning their employment, wages, and separation from employment with Defendants.

2



The disputes released by Plaintiff and Defendants include those known or unknown, actual or contingent, in law, in equity, or otherwise and whether based in tort, contract, statute, or any other basis. This release includes all disputes for which Plaintiff and Defendants could seek equitable relief, and actual, compensatory, consequential, liquidated, punitive, special, multiple or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind. The disputes released by Plaintiff and Defendants also include any and all disputes they have or may have against each other in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional distress, any tort action, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, false imprisonment, and interference with contract and/or prospective economic advantage.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the disputes released by Plaintiff and Defendants. Plaintiff and Defendants intend that the disputes that they release be construed as broadly as possible to cover any and all disputes they may have or believe to have against each other. In that regard, Plaintiff and Defendants further acknowledges that they may later discover facts in addition to or different from those which they now know or believe to be true. Plaintiff and Defendants agree that any such difference in the facts shall not affect this Agreement; that they assume the risk of any such difference in the facts; and that they further agree that this Agreement shall remain in full force and effect and not

be subject to rescission by reason of any such difference in the facts.

Plaintiff also agrees and acknowledge that this Agreement is also entered into pursuant to Section 440.20(11)(c)(d) and (e), Florida Statutes, and is intended to be a complete and final settlement of any and all workers' compensation benefits under Chapter 440, Florida Statutes, including, but not limited to, future medical benefits. Plaintiff also stipulates that all accidents, injuries, repetitive traumas, exposures, and occupational diseases known to have occurred or been sustained due to employment by Defendants have been revealed. Plaintiff agrees that this Agreement includes all accidents, occupational diseases and injuries sustained while employed by Defendants, whether reported or not. It is Plaintiff's intention to fully, finally and forever resolve and release any and all disputes that he may have or believe himself to have against Defendants with respect to any alleged acts occurring before the effective date of this Agreement, whether those disputes presently are known or unknown, suspected or unsuspected.

6. <u>No Future Employment.</u>

Plaintiff agrees that she will never seek employment or reinstatement of his employment with Defendants. Plaintiff also agrees that should he breach this provision of the Agreement in that she seeks reemployment or reinstatement and, thereafter, files any type of administrative or legal action, that such administrative or legal action shall be immediately dismissed with prejudice, that Defendants shall be entitled to an injunction barring such action, and that the prevailing party shall be entitled to recover its attorneys' fees and costs.

7. <u>Neutral Reference.</u>

In response to any inquiries by prospective employers or others concerning Plaintiff, Defendants will provide a neutral reference verifying Plaintiff's (a) dates of employment, (b)

4

salary at time of separation of employment, and (c) position at time of separation.

8. Non-Disparagement.

The Parties agree that they will not make or cause to be made any statements that disparage, are inimical to, or damage the reputation of the other. In the event such a communication is made to anyone, including but not limited to the media, public interest groups and publishing companies, it will be considered a material breach of the terms of this Agreement and the other party shall be entitled to all other remedies allowed in law or equity. The Plaintiff also agrees that he will not encourage or incite other current or former employees of Defendants to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding against Defendants.

9. No Admission of Liability or Wrongdoing.

The parties to this Agreement agree that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrong doing by Defendants. Indeed, the parties deny that any of them engaged in any wrongdoing of any kind with respect to any other party.

10. Attorney's Fees in the Event of Breach.

In the event that Plaintiff or Defendants commence(s) an action to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of their reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

11. Miscellaneous Provisions.

    A.    No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be
5

effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendants.

B. This Agreement may be executed in counterparts.

C. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

D. The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: _____  Signature: _____
NIURKA SOLER PINEDA

DATE: 3/13/17  Signature: _____
DAVIE BLVD COIN LAUNDRY, CORP.,

DATE: 3/13/17  Signature: _____
OSIAL CASTELLON,

   effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendants.

  B. This Agreement may be executed in counterparts.

  C. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

  D. The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: 03/14/17 Signature: _____
          NIURKA SOLER PINEDA

DATE: Signature: _____
         DAVIE BLVD COIN LAUNDRY, CORP.,

DATE: Signature: _____
         OSIAL CASTELLON,

6

